UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

                Plaintiff,

v.

DISTRICT OF COLUMBIA, *et al.*,

                Defendants.

CASE NO. 2:23-cv-00768-TL-GJL

REPORT AND RECOMMENDATION

Noting Date: June 23, 2023

       This matter is before the Court on referral from the District Court and on the application to proceed *in forma pauperis* ("IFP") filed by Plaintiff John Robert Demos, Jr. Dkt. 1. Plaintiff is a Washington prisoner who has been designated locally and nationally as an abusive litigant. He is under pre-filing bar orders in several courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993); *Demos v. U.S. Dist. Ct. for E. Dist. of Wash.*, 925 F.2d 1160 (9th Cir. 1991).

       In this case, Plaintiff is seeking to proceed IFP so that he may bring an action against

REPORT AND RECOMMENDATION - 1

various federal officials and entities, including the United States, the President of the United States, United States Congress, United States Supreme Court, and "the 3 Branches of Government," as well as the District of Columbia/Washington D.C., and "the Virginia Corporation." *See* Dkt. 1-1. In his proposed Complaint, Plaintiff cites various constitutional provisions in support of his argument that Defendants have no jurisdiction or power to enact and enforce laws outside of the District of Columbia. *See id*.

As a bar order litigant, Plaintiff may submit only **three** IFP applications and proposed actions each year. *See In re John Robert Demos*, 2:91-mc-00269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Furthermore, under 28 U.S.C. § 1915(g), Plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, 2:99-mc-00113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff may not proceed with this action. Because Plaintiff has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim, he may not proceed IFP unless he alleges that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's proposed Complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted). It contains no federal claims and is patently frivolous. Importantly, Plaintiff in no way connects the Defendants to imminent physical harm and does not allege, with any specificity, the kind of harm he has suffered in prison, omitting any dates, places, or individuals involved. Moreover, Plaintiff has filed more than his annual limit of three IFP actions. *See Demos v. Fricke, et al.*, 3:23-cv-05156-TSZ (W.D. Wash. 2023); *Demos v.*

REPORT AND RECOMMENDATION - 2

*McCarthy*, 2:23-cv-00056 (W.D. Wash. 2023); *Demos v. Scalise*, 2:23-cv-00040-BJR (W.D. Wash. 2023).

Accordingly, the Court recommends Plaintiff's proposed Complaint (Dkt. 1-1) be **DISMISSED** without prejudice, the remaining proposed motions (Dkts. 1-2, 1-3, 1-4, 1-5) be **DENIED** as moot, and the IFP application (Dkt. 1) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have **fourteen (14) days** from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on June 23, 2023, as noted in the caption.

Dated this 9th day of June, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3