1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS, JR, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA et al.,

Defendants.

CASE NO. 2:23-cv-00768-TL

ORDER ADOPTING REPORT AND
RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of United States
Magistrate Judge Grady J. Leupold (Dkt. No. 3) and Plaintiff John Robert Demos, Jr.'s
objections to the Report and Recommendation (Dkt. No. 4) and proposed Motion to Supplement
the Pleadings (Dkt. No. 5). Having reviewed the Report and Recommendation, Plaintiff's
objections, and the remaining record, the Court OVERRULES the objections, ADOPTS the Report
and Recommendation, and DISMISSES the case without prejudice.

A district court "shall make a de novo determination of those portions of the report or
specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("[The Court] must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2). Plaintiff filed timely objections to the Report and Recommendation.

Mr. Demos is a very prolific litigant. As such, he is under pre-filing bar orders in several courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g., Demos v. Storrie*, 507 U.S. 290, 291 (1993). As a bar order litigant, Mr. Demos may submit only three *in forma pauperis* ("IFP") applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992). As noted in the Report and Recommendation, "Plaintiff has filed more than his annual limit of three IFP actions." Dkt. No. 3 at 2. The one exception to the bar orders appears to be if Mr. Demos makes a plausible claim of imminent danger of serious physical injury. *See Demos v. Holbrook*, 848 F. App'x 779 (9th Cir. 2021) (vacating denial of IFP status and administrative closure of action under a bar order and remanding with instructions to consider the possible application of the imminent danger exception). *See also* 28 U.S.C. § 1915(g) (demonstrating "imminent danger of serious physical injury" allows litigants to obtain IFP status despite filing more than three actions in one year).

Plaintiff raises a number of issues regarding the general scope of federal judicial jurisdiction in his objections, which he claims places him in "the crosshairs of 'imminent danger'" from his many "enemies" within the Washington State Department of Corrections due to his prolific use of administrative and judicial processes to raise grievances and lawsuits

against corrections personnel and leadership. Dkt. No. 4 at 1–10. As the magistrate judge noted regarding the claims in Plaintiff's Complaint, Plaintiff's objections "in no way connects the Defendants to imminent physical harm and does not allege, with any specificity, the kind of harm he has suffered in prison, omitting any dates, places, or individuals involved." *See* Dkt. No. 3 at 2. Claims of imminent danger that are without support are insufficient to make out a plausible claim of imminent danger and avoid a pre-filing bar order. *Andrews v. Cervantes*, 493 F.3d 1047, 1055, 1050 n.11 (9th Cir. 2007).

Accordingly, the Court ORDERS the following:

1.  Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 1) is DENIED;

2.  This matter is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g) and standing bar orders, *see In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982);

3.  Plaintiff's proposed motion to supplement (Dkt. No. 5) is DENIED as moot;

4.  The Clerk is DIRECTED to send copies of this order to Mr. Demos and the Hon. Grady J. Leupold.

Dated this 27th day of June 2023.

Marsha J. Pechman
United States Senior District Judge